UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| EDWARD ROBERSON III,<br>    Plaintiff,<br><br>v.<br><br>COLUMBIA DEBT RECOVERY, LLC,<br>d/b/a GENESIS,<br>    Defendant. | Case No.<br><br>DEMAND FOR JURY TRIAL |

**PLAINTIFF'S COMPLAINT**

## I. INTRODUCTION

1. Plaintiff, EDWARD ROBERSON III, a Texas resident, brings this action under the Fair Debt Collection Practice Act, 15 U.S.C. § 1692, et seq. (the "FDCPA"), against Defendant, COLUMBIA DEBT RECOVERY, LLC, d/b/a GENESIS, for violations of the Fair Debt Collection Practice Act 15 U.S.C. § 1692 et seq. (FDCPA), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices in connection with the collection of a debt and makes them liable under 15 U.S.C. § 1692k.

## II. PARTIES

2. Plaintiff, EDWARD ROBERSON III, is a "consumer" as defined by 15 U.S.C. § 1692a(3). Plaintiff is a natural person and a resident of the State of Texas.

3. Defendant, COLUMBIA DEBT RECOVERY, LLC ("COLUMBIA"), is a "debt collector" as defined by 15 U.S.C. § 1692a(6). Upon information and belief, COLUMBIA is a foreign limited liability company doing business at all relevant times in Texas, and may be served with process at 906 SE Everett Mall Way, Suite 301, Everett, WA 98208, which service is hereby requested.

### III.    VENUE AND JURISDICTION

4. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

5. Personal jurisdiction exists over Defendant, Columbia, as Defendant has the necessary minimum contacts with the State of Texas, and this suit arises out of Defendant's specific conduct with Plaintiff in Texas. All the actions described in this complaint occurred in Mansfield, TX.

6. Venue is proper as Defendant, Columbia, does business in this judicial district.

### IV.    FACTUAL BACKGROUND

7. Plaintiff reasserts each of the preceding paragraphs as if set forth here in their entirety.

8. Plaintiff alleged "debt" as defined by the FDCPA, 15 U.S.C. § 1692a(5), is an alleged debt that arose from a transaction entered into primarily for personal, family, and household purposes.

9. Defendant is a debt collection company that engages in the business of debt collection. Defendant's principal business purpose is the collection of defaulted debts, and uses various instruments of interstate commerce to accomplish debt collection, including sending letters, calling on the phone, credit reporting, filing lawsuits, etc. For the purposes of this action, Defendant is classified as a "debt collector" under the provisions of the FDCPA, specifically 15 U.S.C. § 1692a(6).

10. Defendant is engaged in the collection of debt from consumers using the mail, electronic communication (such as emails and SMS), by telephone, and credit reporting to persuade consumers to pay. Defendants regularly attempt to collect consumers' debts alleged to be due to another.

11. Defendant is a debt collector and Plaintiff is the alleged debtor, thereby establishing that the nature of the relationship between Defendant and Plaintiff is inherently based on the collection of a debt, and communication is made in connection with the collection of any debt.

12. Columbia acquired the account from Luxia Grand Prairie.

13. On or about March 20, 2025, Plaintiff sent a letter to Defendant notifying Defendant that they are no longer disputing the account and requested that Defendant remove all dispute comments and/or notations from the account on the credit report, see Exhibit 1.

14. Defendant received the letter on March 28, 2025.

15. Plaintiff pulled their credit report on August 8, 2025, from TransUnion, which showed Defendant last updated the item of information on the consumer report on July 17, 2025, in connection with the collection of the debt.

16. Despite Plaintiff's request, Defendant failed to or refused to remove all dispute comments/ notations from the item of information, in violation of the FDCPA, see Exhibit 2.

17. With the disputed item appearing on the credit report, Plaintiff's FICO score is calculated and reported inaccurately. Additionally, Plaintiff's credit report continues to be damaged due to Defendant's failure to properly update the item of information in connection with the collection of the debt.

18. Defendant communicated and continues to communicate defamatory information to Experian and Equifax by inaccurately reporting that Plaintiff continues to dispute the debt despite Plaintiff being explicitly clear in their previous communication that they are no longer disputing the debt.

19. Defendant's refusal to properly communicate the debt was no longer disputed, may confuse the least sophisticated consumer into thinking that the only alternative to get the dispute comments removed is to make a payment, agreeing to the debt.

20. The statement "Account previously in dispute—now resolved. Reported by credit grant; >PLACED FOR COLLECTION<" is materially misleading because Plaintiff expressly requested removal of all dispute notations and refused to pay the alleged debt, yet Defendant falsely reported the matter as "resolved," thereby creating the inaccurate impression that the dispute was legitimately concluded, when in fact no such resolution occurred.

21. Defendant's actions and inactions, and communication in connection with the collection of any debt were done intentionally to induce payment from Plaintiff.

22. Defendant's intentional reporting of information it knew to be false to consumer reporting agencies has caused reputational harm to Plaintiff, constituting damages of the kind traditionally recognized in actions for defamation.

23. Plaintiff has suffered actual damages as a result of Defendant's actions and inactions in connection with the collection of any debt in the form of anxiety, loss of sleep, headaches, emotional distress, frustration, anger, humiliation, out-of-pocket costs, and other negative emotions.

24. As a direct and proximate result of Defendants' willful, malicious, reckless, wanton, and or negligence, as mandated by the FDCPA, Plaintiff has been harmed, as explained above.

### V.    COLUMBIA'S VIOLATIONS OF 15 U.S.C. § 1692 et seq.

25. Plaintiff reasserts each of the preceding paragraphs as if set forth here in their entirety.

26. Defendant's violations include, but are not limited to, the following:

    (a) Defendant violated 15 U.S.C. § 1692e(2) by falsely representing the character, amount, or legal status of any debt by continuing to report the item of information as disputed after being informed of the inaccuracy, in connection with the collection of any debt.

    (b) Defendant violated 15 U.S.C. § 1692e(8) by reporting credit information known to be false in connection with the collection of any debt, including the failure to communicate to the consumer reporting agencies that Plaintiff had informed Defendant that the account is no longer being disputed.

27. Defendant failed to reasonably comply with the Plaintiff's request as shown previously. Defendant knew the Plaintiff was no longer disputing the debt but chose to dismiss Plaintiff's rights under the FDCPA and knowingly reported and communicated false information in connection with the collection of any debt.

28. Defendant marking and/or failing to mark a debt as disputed or remove dispute comments on a credit report is done in connection with the collection of any debt.

29. Defendant's intentional reporting of false information to consumer reporting agencies constitutes a violation of Plaintiff's rights, causing reputational harm akin to damages typically recognized in defamation claims.

30. Defendants' actions violated 15 U.S.C. § 1692e and render them liable for actual and statutory damages and costs, and reasonable attorney's fees under 15 U.S.C. § 1692k.

31. At all times pertinent hereto, Defendants' conduct was willful and carried out in reckless disregard for a consumer's right as set forth under the Fair Debt Collection Practices Act.

## VI.	RIGHT TO AMEND

32. These allegations against Defendants are made acknowledging that this complaint is still under Investigation and in Discovery. As further investigation and discovery are conducted, additional facts will surely be uncovered that may and probably will necessitate further, additional, and/or different allegations.

## VII.	PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully demands a jury trial and requests that judgment be entered in favor of Plaintiff and against the Defendant for all damages allowable, costs, expenses, attorney fees, injunctive relief to prevent further violations, and for such other and further relief as may be just and proper pursuant to 15 U.S.C. § 1692k.

## VIII.	DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury in this action of all issues so triable.

Respectfully Submitted,

Date: August 19, 2025																											/s/ Andrew Woods II
Andrew Woods II
Illinois Bar No.: 36311
Oklahoma Bar No.: 24-215
Texas Bar No.: 36311OK
Woods Legal Advocates, PLLC
13101 Preston Road Ste 110-5100
Dallas, TX 75240
214-764-3275
pleadings@woodslegaladvocates.com

*Counsel for Plaintiff*

# Exhibit 1

Edward Roberson

███████████████████████

March 20, 2025

COLUMBIA DEBT RECOVERY
906 SE EVERETT MALL WAY
EVERETT, WA 98208

RE: Account Number: DLOGDRP05█████████, Balance: $8,553

This is not a dispute over the validity of the debt but rather a clear refusal to pay this debt under any circumstances. Please remove all dispute comments, notations, and remarks from my credit report.

Thank you for your time and prompt attention to my request.


Sincerely,

Edward Roberson



Certified Mail Tracking #: 9407111898765453151656

# USPS Tracking®

FAQs >

Get the free Informed Delivery® feature to receive automated notifications on your packages

**Learn More**
(https://reg.usps.com/xsell?app=UspsTools&ref=homepageBanner&appURL=https%3A%2F%2Finformeddelivery.usps.com/box/pages/intro/st

✕

Your item was delivered to an individual at the address at 9:40 am on March 28, 2025 in EVERETT, WA 98208.

EVERETT, WA 98208
March 28, 2025, 9:40 am

See All Tracking History

**Get More Out of USPS Tracking:**
  USPS Tracking Plus®

**What Do USPS Tracking Statuses Mean?**
(https://faq.usps.com/s/article/Where-is-my-package)

**Text & Email Updates** ⌄

**USPS Tracking Plus®** ⌄

**Product Information** ⌄

Feedback

See Less ∧

Track Another Package

# Exhibit 2

**COLUMBIA DEBT RCVY GENESIS** 1012****

## Account Information

| | |
|---|---|
| **Address** | PO BOX 3630 EVERETT, WA 98213 |
| **Phone** | (866) 863-9194 |
| **Date Opened** | 12/20/2023 |
| **Responsibility** | Joint Account |
| **Account Type** | Open Account |
| **Loan Type** | COLLECTION AGENCY/ATTORNEY |
| **Balance** | $8,871 |
| **Date Updated** | 07/17/2025 |
| **Last Payment Made** | 01/26/2024 |
| **High Balance** | $8,204 |
| **Original Creditor** | LUXIA GRAND PRAIRIE |
| **Past Due** | $8,871 |
| **Pay Status** | >Collection< |
| **Estimated month and year this item will be removed** | 07/2030 |

| Remarks | Account previously in dispute-now resolved. reported by credit grant; >PLACED FOR COLLECTION< |
|---|---|

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
EDWARD ROBERSON III

### DEFENDANTS
COLUMBIA DEBT RECOVERY, LLC d/b/a GENESIS

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Andrew Woods, II
Woods Legal Advocates, PLLC
13101 Preston Road, Ste 110-5100
214-764-3275

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [x] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS**
**PERSONAL INJURY**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**PERSONAL INJURY**
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**PRISONER PETITIONS**
**Habeas Corpus:**
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty
**Other:**
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [x] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
15 U.S.C. § 1692 et seq.

Brief description of cause:
Violation of 15 U.S.C. § 1692 et seq.

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE _____ SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____